**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 22-4727**

———————————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

MALIK SHROPSHIRE,

        Defendant - Appellant.

———————————

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Frank D. Whitney, District Judge.  (3:15-cr-00025-FDW-1)

———————————

Submitted:  December 19, 2023                    Decided:  December 21, 2023

———————————

Before HARRIS, QUATTLEBAUM, and BENJAMIN, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

**ON BRIEF:**  Charles R. Brewer, Asheville, North Carolina, for Appellant.  Dena J. King, United States Attorney, Charlotte, North Carolina, Amy E. Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In 2016, Malik Shropshire pleaded guilty to conspiracy to impede the Internal Revenue Service, in violation of 18 U.S.C. § 371; and making false statements on a loan application, in violation of 18 U.S.C. §§ 2, 1014.  The district court sentenced Shropshire to 51 months of imprisonment, followed by three years of supervised release.  After Shropshire was released onto supervision, his probation officer filed a petition and amended petitions seeking revocation of his supervised release based on several violations of the conditions of his supervised release, including new criminal conduct.  Pursuant to a plea agreement with the Government, Shropshire pleaded guilty to the new criminal charges that formed the basis of two of the charged supervised release violations, and admitted to committing four violations of his supervised release.  The district court therefore revoked Shropshire's supervised release and sentenced him, below the advisory Sentencing Guidelines policy statement range, to 28 months of imprisonment, with no period of supervised release to follow.  Shropshire appeals, arguing that the petitions seeking revocation of his supervised release erroneously cited a nonexistent count of conviction—"Count 7"—and thus improperly calculated the Guidelines policy statement range, and that trial counsel rendered ineffective assistance for failing to raise this issue before the district court.  Finding no error, we affirm.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release.  [We] will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable."  *United States v. Patterson*, 957 F.3d 426, 436 (4th Cir. 2020).  To determine whether a revocation sentence is plainly unreasonable, we

2

"first determine whether the sentence is procedurally or substantively unreasonable." *Id.* "A revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Chapter Seven policy statement range and application [18 U.S.C.] § 3553(a) sentencing factors." *Id.* With respect to Shropshire's claim that counsel rendered ineffective assistance, "[u]nless an attorney's ineffectiveness conclusively appears on the face of the record, such claims are not addressed on direct appeal." *United States v. Faulls*, 812 F.3d 502, 507 (4th Cir. 2016).

Shropshire's claims on appeal are based on an erroneous reading of the supervised release revocation petitions. The petitions properly cited the statutes of Shropshire's underlying conviction, 18 U.S.C. §§ 371, 1014; in the indictment to which Shropshire pleaded guilty, the offense of making false statements on a loan application was charged in Count 7. Moreover, the petitions further properly calculated the policy statement range and statutory maximum terms for the violations of Shropshire's supervised release based on these convictions. We therefore conclude that the district court did not commit procedural error in sentencing Shropshire for his supervised release violations and counsel did not render ineffective assistance for failing to raising a meritless challenge to the revocation petitions.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

*AFFIRMED*

3